IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:17-CR-0079-MAC-CAN |
| | § | |
| MACEO STROTHER | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant Maceo Strother's ("Defendant") Motion to Withdraw Defendant's Plea of Guilty (the "Motion") [Dkt. 91]. The Government opposes the Motion [Dkt. 101]. Having considered the Motion, the submissions of the Parties, the plea hearing transcript, the arguments and evidence proffered at Hearing, the applicable law, and all other relevant filings, the Court recommends that Defendant's Motion to Withdraw Plea of Guilty be **DENIED**.

## I.   *Procedural History*

On May 10, 2017, the grand jury charged Defendant in a one-count Indictment with a violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm ("Count One") [Dkt. 1]. The Indictment alleges that on or about March 24, 2017, Defendant knowingly possessed a firearm, namely a Palmetto State Armory .223 caliber rifle, model PA15 [Dkt. 1 at 1]. As set forth in the Notice of Penalty, Defendant faced "[i]mprisonment for a term of not more than ten years; a fine not to exceed $250,000.00; and supervised release of not more than three years. If it is shown the defendant has three previous convictions by any court for a violent felony or a serious drug offense, or both, committed on occasions different from one another, imprisonment of 15 years to life, a fine not to exceed $250,000, or both, a term of supervised release of at least 3 years, but not more than 5 years." [Dkt. 1 at 3].

On August 2, 2018, pursuant to a plea agreement with the Government, Defendant, with his counsel, Paul Morgan, Esq. ("Morgan"), appeared before the undersigned, and entered a plea of guilty to Count One of the Indictment [Dkts. 72; 74]. At the plea hearing, Defendant testified that he understood he had a constitutional right to plead not guilty and proceed to trial, was satisfied with his counsel's representation, entered into his guilty plea freely and voluntarily, had not been threatened, forced, or coerced to plead guilty, and was, in fact, pleading guilty because he was actually guilty of the charge [Dkt. 95 at 10, 14-15, 28, 30-31]. Relevant herein and discussed more fully *infra*, at the plea hearing, each of the essential elements of the offense were read to Defendant [Dkt. 95 at 15-17]. Defendant testified that he understood the essential elements and admitted to same [Dkt. 95 at 17]. In addition, after having the factual basis read into the record, Defendant testified that the factual basis was true and correct, and supplemented the factual basis in open court, by stating he knew he was in possession of the firearm in question [Dkt. 95 at 34]. Defendant thereafter changed his plea to guilty, and the undersigned recommended that the district court accept the plea, a recommendation that was adopted by the district court on August 2, 2018 [Dkt. 78].

Approximately three months later, after the United States Probation Office filed its initial Presentence Investigation Report ("PSR") [Dkt. 83], Defendant, *pro se*, filed a combined motion to withdraw his guilty plea and substitute his counsel, Morgan, on November 19, 2018 [Dkt. 91]. On November 30, 2018, the Court granted Defendant's request for new counsel, appointing Ron Uselton ("Uselton") to represent Defendant [Dkt. 96]. On December 10, 2018, Uselton notified the Court that he adopted and Defendant desired to proceed with his Motion to Withdraw Plea of Guilty [Dkt. 99]. On December 11, 2018, the Government filed its response in opposition

to the Motion [Dkt. 101]. The Court held a full evidentiary hearing on the Motion to Withdraw Plea of Guilty ("Hearing") on December 27, 2018 [Dkt. 104].

## II.   *Legal Standard*

A defendant has no absolute right to withdraw a guilty plea before the imposition of sentence. *United States v. Harrison*, 777 F.3d 227, 234 (5th Cir. 2015); *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003); *accord United States v. Chi*, 708 F. App'x 184, 184 (5th Cir. 2017); *United States v. Minor*, 714 F.3d 319, 321 (5th Cir. 2013). Rather, the decision to allow a defendant to withdraw his plea is within the sound discretion of the district court. *Powell*, 354 F.3d at 370; *accord United States v. London*, 568 F.3d 553, 562 (5th Cir. 2009), *cert. denied*, 562 U.S. 1078 (2010). To determine whether a defendant may withdraw a plea of guilty prior to sentencing—and whether a defendant is likewise entitled to an evidentiary hearing—the Court must consider the following factors: (1) whether the defendant has asserted his innocence; (2) whether the Government would suffer prejudice if the withdrawal motion were granted; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the Court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984); *accord Harrison*, 777 F.3d at 234; *United States v. Urias-Marrufo*, 744 F.3d 361, 364 (5th Cir. 2014); *United States v. McKnight*, 570 F.3d 641, 645-46 (5th Cir. 2009). "The district court is not required to make findings as to each of the *Carr* factors." *United States v. Brewster*, 137 F.3d 853, 858 (5th Cir.), *cert. denied*, 525 U.S. 908 (1998). "The defendant bears the burden of establishing a fair and just reason for withdrawing his plea." *Powell*, 354 F.3d at 370; *accord*

*London*, 568 F.3d at 563. "The decision to permit or deny withdrawal is based on the totality of the circumstances." *Id.*; *see Urias-Marrufo*, 744 F.3d at 364.

### III. Analysis

Application of the *Carr* factors to the totality of the circumstances does not cause the Court to conclude that Defendant should be permitted to withdraw his guilty plea. Defendant's Motion to Withdraw Plea of Guilty addresses three of the *Carr* factors—factor one, an assertion of innocence; factor five, close and effective assistance of counsel; and factor six, knowing and voluntary guilty plea.[1] At Hearing, counsel for Defendant urged the application of these three factors and also briefly urged the remaining four factors.

#### A.    **Carr** *Factor One—Assertion of Innocence*

In his Motion, Defendant alleges that he did not own the vehicle where the firearm was located and was wholly unaware of the contents of the vehicle at the time of his encounter with law enforcement [Dkt. 91 at 3]. He further argues that at the time of the plea hearing he did not understand his conduct did not fall within the parameters of 18 U.S.C. § 922(g)(1) [Dkt. 91 at 3]. To this point, at Hearing, Defendant averred that he did not knowingly possess the firearm, an essential element of the offense, and that he had no understanding that to "knowingly possess" was a necessary element of Count One [Dkt. 104 at 17-18]. Defendant further testified that he was untruthful on these points during his earlier plea colloquy in order to protect others and save them stress [Dkt. 104 at 13-16] and that he is now "blossoming into his purpose" which prompted him to file the instant Motion [Dkt. 104 at 18].

---

[1] Although Defendant did not explicitly write "I am innocent" in his Motion, the Court construes his allegations that "he did not understand his conduct did not fall within the parameters of 18 U.S.C. § 922(g)(1)" and that he was unaware of the contents of his girlfriend's car as an assertion of innocence [Dkt. 91 at 3]. Further, Defendant, in correspondence to the Court, explicitly indicates that he believes he would prevail on factor one [Dkt. 93 at 1].

Although Defendant now claims that he is innocent and did not understand the elements necessary to be proven to find him guilty, his assertions of innocence simply do not outweigh his previously unequivocal declarations of guilt in connection with his plea agreement. *United States v. Myles*, 623 F. App'x 178, 179 (5th Cir. 2015) (per curiam), *cert. denied*, 136 S. Ct. 1476 (2016) ("In finding [the defendant's] assertions of innocence unpersuasive, the district court was entitled to rely on those solemn declarations over her initial statement"). At the change of plea hearing, Defendant was read the essential elements of the offense, including "No. 1. That the defendant knowingly possessed the firearm as charged." [Dkt. 95 at 16]. The Court inquired of Defendant: "Did you [] understand each of those three essential elements that were just read to you?" [Dkt. 95 at 16]. Defendant responded "yes" and further stated that he admitted to each of the essential elements of the offense [Dkt. 95 at 16-17]. The Court then proceeded to discuss the provisions of Defendant's plea agreement and admonished Defendant "do you understand that if the district judge declines this recommendation that's contained in your Plea Agreement, you're going to remain bound by this plea that you enter here today and you're going to have no []right to withdraw it?" [Dkt. 95 at 25]. Defendant unequivocally stated that he understood [Dkt. 95 at 25]. Defendant further confirmed during the plea colloquy that his plea was knowing and voluntary, was not the result of force, threats, or coercion, was not entered to assist or help anyone else, but because he was guilty of the charge [Dkt. 95 at 30-31]. Lastly, at the change of plea hearing, the Court reviewed Defendant's factual basis with him. In the factual basis, Defendant, under oath, attested that: on March 24, 2017, Defendant was stopped in a white Mercedes vehicle near Collin Creek Mall located in the Eastern District of Texas for having an expired Texas Temporary Tag; the vehicle was towed and after a canine alerted to the presence of narcotics a probable cause search was conducted; in the cargo area of the Vehicle, an officer located an AR15 and two loaded

magazines containing a total of 58 rounds of ammunition; the upper and lower receiver of the AR15 were separated; the firearm was identified as a Palmetto State Armory .223 caliber rifle, model PA15, Serial Number LW171094, which falls within the definition of "firearm" found in 18 U.S.C. § 921(a)(3)(A); during further investigation, it was determined that Defendant was a previously convicted felon; *Defendant knew that he possessed the firearm and knew that as a convicted felon that his possession of the firearm was prohibited by law*; and the firearm was not manufactured in the State of Texas and had traveled in interstate commerce [*see generally* Dkt. 76]. Defendant declared in open court that the factual basis was correct and that he understood by admitting that he engaged in the conduct that was described in the factual basis that he was admitting to Count One in the Indictment [Dkt. 95 at 34]. He also declared that no changes were requested or needed to be made to the factual basis [Dkt. 95 at 34]. When asked to state in his own words what he had done wrong, Defendant stated "I got pulled over and a firearm was found in the trunk of a Mercedes Benz" [Dkt. 95 at 34]. Defendant further specifically stated that he knew he was in possession of that firearm [Dkt. 95 at 34]. "Solemn declarations in open court carry a strong presumption of verity." *Burton v. Terrell*, 576 F.3d 268, 272 (5th Cir. 2009); *see United States v. Diaz*, 516 F. App'x 358, 361-62 (5th Cir. 2013).

Moreover, when interviewed by the probation officer assigned to this case, Defendant again admitted that the information contained in the factual basis was true and correct [Dkt. 83 at 4]. At no time prior to the filing of the instant Motion, filed some three months after his plea, did Defendant assert actual innocence. *See United States v. Sutton*, No. CRIM. A. 92-126, 1993 WL 21426, at *3 (E.D. La. Jan. 26, 1993) ("A change of heart or mind after reflection, for example, is not a sufficient basis for withdrawal") (citing *United States v. Hurtado*, 846 F.2d 995, 997 (5th Cir.), *cert. denied*, 488 U.S. 863 (1988); *United States v. Daniel*, 866 F.2d 749, 752

(5th Cir. 1989)). Defendant did not assert his innocence before the Court until he had had an opportunity to review the PSR. Defendant's assertions of innocence, raised only after an opportunity to view his PSR, do not outweigh his previous declarations of guilt. *See United States v. Wiggins*, No. 13-51101, 2017 WL 76935, at *4 (5th Cir. Jan. 6, 2017) (stating that the district court did not abuse its discretion in concluding that a defendant's bare assertion of innocence lent no support to his motion to withdraw his guilty plea where the defendant admitted guilt under oath); *United States v. Myles*, 623 F. App'x 178, 179 (5th Cir. 2015) (per curiam), *cert. denied*, 136 S. Ct. 1476 (2016) ("In finding [the defendant's] assertions of innocence unpersuasive, the district court was entitled to rely on those solemn declarations over her initial statement . . . .").

Further contrary to his prior declarations of guilt, at Hearing, Defendant testified that he should be permitted to withdraw his plea because he had no knowledge of the firearm in the trunk of the vehicle and that the firearm, in fact, belonged to his ex-girlfriend Ms. Mercadel [Dkt. 104 at 19-20]. Upon cross-examination by the Government, it was established that Defendant desired his former counsel Morgan to call Ms. Mercadel as a witness at trial [Dkt. 104 at 22]. The Government thereafter suggested that Morgan had advised Defendant he was unable to call Ms. Mercadel as a witness because she did not know anything about the firearm or who it belonged to and thus the testimony Defendant desired her to proffer regarding ownership of the firearm was false [Dkt. 104 at 23]. On this same note, at Hearing, Special Agent Jennifer McCarty gave testimony regarding jail phone calls and text messages that the Government had collected in connection with Defendant's case [Dkt. 104 at 49-62]. Agent McCarty testified that she had listened to numerous jail phone calls between Defendant and Ms. Mercadel [Dkt. 104 at 53]. In summarizing those phone calls, Agent McCarty averred that:

> Ms. Mercadel never once on the phone said that she knew anything about the firearm or that the firearm belonged to her. They talked about that it was in her vehicle, that he used her vehicle. There were several conversations that he used her vehicle. He used it on a somewhat regular basis. He would pick her up from work, take her to work. He was in the vehicle often. But she never said that the firearm was hers or that she had any knowledge of it.
>
> Mr. Strother directed her several times to talk to Mr. Morgan about it to see if there was a way that they could work something out. That was the gist of the conversation. They were trying to work something out in regards to the firearm.

[Dkt. 104 at 55]. Based on her experience, training, and knowledge of the case, Agent McCarty testified that "[Defendant] wanted [Ms. Mercadel] to take possession—take responsibility for the gun or have someone else step up and take responsibility for the gun" [Dkt. 104 at 59]. In addition to the phone calls, Agent McCarty also testified about the recovery of a cell phone containing pictures, references, and identifying information of Defendant, in which there was a picture of the firearm on the phone and a text message conversation indicating that the firearm was a birthday gift and that the birthday in question matched that of the Defendant [Dkt. 104 at 56-57]. Agent McCarty further testified that she was present for a conversation between the Government and Morgan in which Morgan said that he could no longer call Ms. Mercadel as a witness because he believed he would be suborning perjury [Dkt. 104 at 56]. Subsequent to Hearing, on January 14, 2019, Morgan filed a sworn affidavit stating that he had advised Defendant he could not present false testimony to the Court because it would be both a criminal offense and an ethical violation [Dkt. 114 at 2-5].[2]

---

[2] Also subsequent to Hearing, in further support of his own assertions of his innocence, Defendant submitted, *pro se*, an affidavit from Ms. Mercadel [Dkts. 116; 116-1]. The Court does not consider such filing herein; although a defendant has the right to choose between *pro se* representation or attorney representation, a defendant does not have the right to a combination of both. *United States v. Mikolajczyk*, 137 F.3d 237, 246 (5th Cir. 1998). Even were the Court to have considered such affidavit, it would not alter the result herein. The Fifth Circuit has held that where the defendant's evidence "add[s] little to his assertion of innocence beyond reiterating his claim and denying the veracity of the factual resume he signed in conjunction with his plea agreement" such evidence is insufficient to justify relief under *Carr*. *United States v. Harrison*, 777 F.3d 227, 234-35 (5th Cir. 2015). As in *Harrison*, even were the Court to consider the proposed affidavit of Ms. Mercadel, it would do nothing more than shift ownership/possession of the

Upon consideration of each of the aforementioned facts and circumstances, the Court finds that this factor weighs against withdrawal of Defendant's guilty plea. Defendant's assertions of innocence are not supported by the record.

### B.     Carr *Factor Three—Timeliness of Withdrawal Motion*

The third *Carr* factor, *i.e.*, whether Defendant delayed in filing his motion to withdraw, also weighs against granting Defendant's Motion. Defendant has been dilatory in raising the issue of withdrawing his guilty plea. As discussed in connection with the first factor, Defendant did not allege a basis for the withdrawal of his guilty plea until approximately three months after his plea hearing, and only after reviewing his PSR. *See Carr*, 740 F.2d at 345 (characterizing withdrawal motion as untimely when it was filed twenty-two days after defendant's guilty plea); *see also United States v. Walton*, 537 F. App'x 430, 435 (5th Cir.), *cert. denied*, 134 S. Ct. 712 (2013) (affirming court's denial of defendant's motion to withdraw guilty plea where the motion was filed five months after the plea was entered); *United States v. Shanklin*, 193 F. App'x 384, 386 (5th Cir. 2006), cert. denied, 549 U.S. 1143 (2007) (affirming denial of motion to withdraw guilty plea where defendant admitted under oath that he was guilty and that his plea was knowing and voluntary and did not move until the day of the sentencing hearing four months after the plea to request withdrawal).

Defendant argued at Hearing that he needed time to conduct research in the law library and that a three-month delay is really "not that much of delay" [Dkt. 104 at 31]. The Court disagrees,

---

firearm to another individual. Stated another way, her allegations of ownership even if proven to be correct would not be inconsistent with Defendant's guilt. Even if the Court assumed Ms. Mercadel was the owner of the firearm, such fact does nothing to support whether Defendant knew that the firearm was in the car—and thus does not support his assertion of innocence. *See United States v. Angelica's Record Distributors*, 2018 WL 1757764, at *2 (N.D. Tex. Apr. 12, 2018) (finding that attached affidavit was insufficient to support defendant's assertion of innocence as that affidavit did not state anything about the knowledge of defendant). Defendant has proffered no other evidence to substantiate his bare claims of innocence besides Ms. Mercadel's affidavit, which the Court does not consider, and which address only ownership, not Defendant's knowledge of the firearm.

the Fifth Circuit has previously opined that three months is indeed a significant delay. *See United States v. Lesure*, 66 F.3d 320 (5th Cir. 1995) (court found that defendant's delay of "three months before he attempted to withdraw his plea," "a significant delay" and "conclude[d] that the district court's conclusion with regard to this delay is more likely-that [defendant] sought to withdraw his plea only after he saw the consequences of his plea as outlined in the PSR. Such a change of heart after reweighing the consequences of a plea is not sufficient to permit the withdrawal of a plea.") (citing *United States v. Hoskins,* 910 F.2d 309, 311 (5th Cir. 1990) ("A mere change of mind is insufficient to permit the withdrawal of a guilty plea before sentencing.")); *United States v. Saucedo-Castanon*, 511 F. App'x 308, 311 (5th Cir. 2013) (affirming district court's denial of defendant's motion to withdraw his guilty plea where he filed the withdrawal motion "nearly three months after pleading guilty []a considerable delay"). Here, the record reflects that upon receiving his PSR, Defendant came to regret his decision to plead guilty. As *Carr* recognizes, withdrawal is permitted for pleas unknowingly made; "[t]he purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." 740 F.2d at 345. Therefore, this factor, weighs against withdrawal.

### C. Carr *Factor Five and Six—Close Assistance of Counsel, Knowing and Voluntary Plea*

Defendant further bases his request for withdrawal on the ground that his former counsel, Morgan, did not provide close and effective assistance of counsel, and, as a result, his plea was made involuntary and/or unknowingly [Dkt. 91 at 3-4]. Defendant alleges that because Morgan did not "investigate Defendant's conduct; [analyze] discovery material; and research case law to determine whether Defendant Strother's alleged conduct was within the parameters of the statute," Defendant's plea should be "rendered involuntary" [Dkt. 91 at 4].

Although Defendant now contends that Morgan did not provide close and effective assistance of counsel, Defendant testified otherwise at his plea colloquy indicating that he was "fully satisfied with the representation and the advice [he'd] received from [his] counsel in connection with [his] case and [his] decision to enter a plea" [Dkt. 95 at 15]. Further, Defendant specifically averred that he and Morgan had discussed everything in the indictment, all the facts of his case and any defense to the charge thereto, the Federal Sentencing Guidelines, each paragraph of the plea agreement prior to Defendant signing the plea agreement, and each and every paragraph in the factual basis [Dkt. 95 at 14-15, 19, 21, 31, 35]. The record further reveals that Defendant was represented by Morgan from the inception of the case until November 30, 2018 after Defendant had moved *pro se* to withdraw his plea of guilty and substitute Morgan for new counsel [Dkt. 96]. During that time, Morgan filed several motions on Defendant's behalf [Dkts. 18-19; 23; 28; 31-34; 36; 43;46; 63; 68-71; 84] and negotiated a favorable plea agreement for Defendant [Dkt. 74]. *See United States v. Benavides*, 793 F.2d 612, 618 (5th Cir.), *cert. denied*, 479 U.S. 868 (1986) (rejecting defendant's assertion that he lacked close assistance of counsel and noting defense counsel filed several motions prior to plea hearing). Additionally, Morgan is reported to have repeatedly called Defendant on multiple separate occasions—15 to 20 calls—to discuss Defendant's case, including evidentiary issues, sentencing guidelines, and the entry of Defendant's plea [*see generally* Dkt. 114]. Specifically, Morgan attests that:

> I estimate I spent in excess of 100 hours representing Mr. Strother and attempting to get the best possible result for him. This included a considerable amount of out-of-court time doing factual and legal research; investigating and preparing several motions concerning the numerous issues in the case; and exhaustively discussing the case with Mr. Strother and his mother and two girlfriends. I also had a variety of conversations with the prosecutor about the case.

[Dkt. 114 at 5].

Moreover, to specifically address Defendant's allegation that Morgan failed to research whether Defendant fell within the parameters of the statute and Defendant's assertion at Hearing that the factual basis "never stated anything about me knowing anything about knowing anything or having any type of intent of possessing any kind of firearm, period" [Dkt. 104 at 32], the Court notes that paragraph five (5) of the factual basis reads in its entirety:

> I, **Maceo Strother**, *knew that I possessed the firearm* described above after I had been previously convicted of a felony. *I knew that my possession of the firearm* was prohibited by law because I was a convicted felon.

[Dkt. 76 at 2] (emphasis added). The Court further notes that Defendant testified that he had "read over and over again" the factual basis [Dkt. 104 at 32]. Therefore, Defendant's assertions that his plea was involuntary because he did not understand the "knowingly possess" element of Count One and/or such element was not elaborated or explained by anyone, including his counsel, are inconsistent with the evidence in the record. As stated earlier, Defendant's statements in open court during his plea colloquy "carry a strong presumption of verity." *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). ("Reviewing courts give great weight to the defendant's statements at the plea colloquy.").

The Court finds nothing in the record to indicate that Defendant has not had close and effective assistance of counsel or that his plea was made involuntary or unknowingly based upon such assistance. Rather, the Court finds that Defendant had the benefit of close assistance of counsel throughout the negotiation and entry of his plea. *See McKnight*, 570 F.3d at 647 (defendant received close assistance of counsel where his attorney advised him of the sentencing benefits of cooperation with the government); *Hurtado*, 846 F.2d at 997 (rejecting withdrawal motion where defendant claimed that his attorney had pressured him into pleading guilty by "advising that a guilty verdict after trial would net a harsher sentence"). Defendant spent hours

with Morgan discussing his case and his options. Additionally, Defendant was advised by the Court when he pleaded guilty that he could be imprisoned for imprisoned for a term "of not more than 10 years, a fine not to exceed $250,000, a term of supervised release of not more than three years. If it is shown the defendant has three previous convictions by any court for a violent felony or a serious drug offense, or both, committed on occasions different from one another, imprisonment of 15 years to life, a fine not to exceed $250,000, or both, a term of supervised release of at least two years, but not more than five years." [Dkt. 95 at 17-18]. When asked if he understood the ranges of punishment, Defendant responded affirmatively and further averred that he had no questions regarding the range of penalties and consequences [Dkt. 95 at 18]. With regard to sentencing, Defendant was informed that his sentence would be imposed by the court after consideration of the United States Sentencing Guidelines, which are not binding on the court, but are advisory only. It was further explained that Defendant would not be allowed to withdraw his plea if the sentence was higher than expected so long as it was within the statutory maximum [Dkt. 95 at 19, 24-25]. Having each of these items explained to him, Defendant elected to proceed with his plea of guilty; he demonstrated no reluctance at the plea hearing and the Court perceived no uncertainty or hesitancy in his decision to plead guilty.

Lastly, to the extent Defendant contends that he entered the guilty plea to protect Morgan and other acquaintances, the Court further points out that Defendant stated under oath at the initial plea hearing that: (1) no one had forced, threatened or coerced him to making his plea; (2) that he was not entering the plea because he thought it was going to help somebody else; and (3) that the plea was of his own free will [Dkt. 95 at 30- 31]. Defendant further acknowledged that he had read and understood the plea agreement and had no further questions and was voluntarily entering into it [Dkt. 95 at 20-21, 28]. Defendant also agreed that he was pleading guilty knowingly, freely,

voluntarily and with the advice of counsel [Dkt. 95 at 30-31]. *See United States v. McFarland*, 839 F.2d 1239, 1242 (7th Cir.), *cert. denied*, 486 U.S. 1014 (1988) ("To deter abuses in the withdrawal of guilty pleas . . . and to protect the integrity of the judicial process, we have held that rational conduct requires that voluntary responses made by a defendant under oath [when entering a guilty plea] . . . be binding."); *United States v. Duran-Espinoza*, No. 5:10-CR-1294-3, 2010 WL 5014341, at *3 (S.D. Tex. Dec. 1, 2010) (finding that defendant's plea was knowing and voluntary based on his responses during the Rule 11 colloquy). Because Defendant entered his plea knowingly and voluntarily, this factor weighs against withdrawal.

### D. *Carr Factors Two, Four, and Seven—Prejudice to the Government, Inconvenience to the Court, and Waste of Judicial Resources*

Defendant makes no explicit reference to the remaining *Carr* factors in his Motion; however, because counsel addressed such factors at Hearing, the Court briefly considers their applicability herein. The second *Carr* factor considers whether the Government would be prejudiced if Defendant's motion were granted. This factor is closely intertwined with factor four—whether the Court would be substantially inconvenienced—and factor seven—whether the withdrawal would waste judicial resources. Therefore, these factors will be analyzed together. *See United States v. Rodriguez*, No. 3:08-CR-267-D, 2010 WL 286730, at *4 (N.D. Tex. Jan. 22, 2010), *aff'd*, 411 F. App'x 713 (5th Cir. 2011).

Permitting Defendant to withdraw his guilty plea at this juncture would prejudice the Government, inconvenience the Court, and waste judicial resources. *See United States v. Rodriguez*, No. 3:08-CR-267-D, 2010 WL 286730, at *4 (N.D. Tex. Jan. 22, 2010) (analyzing factors two, four, and seven together), *aff'd*, 411 F. App'x 713 (5th Cir. 2011). Indeed, if his Motion were to be granted, the Government advises it would be required to expend significant resources to prepare the case for trial, specifically, that "investigators, agents, and this prosecutor

have moved on to other pressing matters, in reliance on the fact that the guilt/innocence aspect of this case has been justly concluded, without the necessity of a trial. All efforts and manpower required for trial would have to be re-focused, and re-scheduled, with other cases in the system on hold, while all agents, investigators, and prosecution staff re-grouped in order to turn the clock back and prepare for trial." [Dkt. 101 at 11]. Additionally, rescheduling this case will disrupt the Court's existing docket and expend additional judicial resources for a trial, time that would otherwise be available to protect "the rights of other accused persons awaiting trial, whose cases may lose . . . their position on the calendar." *Carr*, 740 F.2d at 346 (internal quotations omitted). As a result, the second, fourth, and seventh *Carr* factors further weigh against allowing Defendant to withdraw his guilty plea.

### IV.     *Conclusion and Recommendation*

Under the totality of the circumstances, the *Carr* factors weigh against permitting the withdrawal of Defendant Maceo Strother's guilty plea in this case. Accordingly, the Court recommends that Defendant's Motion to Withdraw Plea of Guilty [Dkt. 91] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district

REPORT AND RECOMMENDATION – Page 15

court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 21st day of March, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE