| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CRIMINAL ACTION NO. 4:17CR79 |
| | § | |
| MACEO STROTHER | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, such matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On March 21, 2019, the Report of the Magistrate Judge (#122) was entered containing proposed findings of fact and recommendations that Defendant's "Motion to Withdraw Defendant's Plea of Guilty" (#91) be denied. On April 2, 2019, Defendant filed Objections to the Report and Recommendation (#124). On April 3, 2019, the Government filed a Response (#125). Having received the report of the Magistrate Judge, having considered Defendant's objections and the Government's response, and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

## RELEVANT BACKGROUND

After Defendant entered a guilty plea before the Magistrate Judge on August 2, 2018, an Initial Presentence Investigation Report ("PSR") was filed on November 1, 2018, recommending a sentence of 46 months' imprisonment (#83 at 17). Subsequently, on November 19, 2018, Defendant filed his Motion to Withdraw Plea of Guilty seeking to withdraw his guilty plea (#91). In the same Motion, Defendant additionally sought to substitute his initial counsel, Paul Morgan ("Morgan"). Defendant's request for new counsel was granted, and Ron Uselton ("Uselton") was appointed as new counsel for Defendant (#96). Uselton adopted Defendant's Motion to

Withdraw Plea of Guilty on December 10, 2018, informing the Court that Defendant intended to proceed with the Motion (#99). After receiving the Government's opposition to Defendant's request (#101), the Court held a full evidentiary hearing on the Motion to Withdraw Plea of Guilty on December 27, 2018 (#104). Defendant testified on his own behalf asserting that he was actually innocent, did not have close, effective assistance of counsel, and did not enter his plea knowingly or voluntarily (#104 at 28, 35). Aside from his own testimony, Defendant did not proffer any other witness testimony or evidence to the Court in support of his assertions. Subsequent to the hearing, the Magistrate Judge took the matter under advisement to allow defense counsel an opportunity to review each of the recordings referenced at the hearing. On January 8, 2019, defense counsel Uselton filed a Notice Regarding Proffered Evidence (#108). On January 14, 2019, prior defense counsel Morgan filed an Affidavit for consideration in connection with the matter (#114). Thereafter, the Motion was ripe for consideration.

On March 21, 2019, the Magistrate Judge entered a written Report and Recommendation, recommending that the Court deny Defendant's request to withdraw his plea (#122). Specifically, the Magistrate Judge concluded that upon a balancing of the totality of the *Carr* factors—and after specifically addressing each factor in turn—Defendant should not be permitted to withdraw his guilty plea (#122 at 15). On April 2, 2019, Defendant filed objections to the Report and Recommendation alleging again that he was innocent, he did not have close assistance of counsel, his plea was not knowingly and voluntarily made, his Motion was timely, and—for the first time—that the change of plea did not meet the requirements of Rule 11 of the Federal Rules of Criminal Procedure (#124). The Government filed a response in opposition on April 3, 2019 (#125).

**OBJECTIONS TO REPORT AND RECOMMENDATION**

Defendant raises six (6) objections to the conclusions of the Magistrate Judge: (1) the Court's consideration of Defendant's assertion of innocence "is not consistent with the standards set out by the 5th Circuit;" (2) the Court's reliance on the testimony of Special Agent Jennifer McCarty was in error; (3) Defendant's Motion was not untimely; (4) Defendant's guilty plea was not made knowingly or voluntarily; (5) there is no significant prejudice to the Government to prepare this case for trial; and (6) Defendant's change of plea did not meet the requirements of Rule 11 of the Federal Rules of Criminal Procedure (#124).

*Actual Innocence*

Defendant asserts that he is actually innocent because he did not "knowingly" possess the firearm at issue (#124 at 2). Defendant contends that "he had no understanding that to 'knowingly possess' was a necessary element of Count One until he did further research after the plea hearing"(#124 at 2). Defendant's contentions are not supported by the record. The transcript of Defendant's plea hearing specifically demonstrates that at the time of the plea, Defendant was well aware of the essential elements of the charge, including the knowledge element. In fact, his knowledge was repeatedly discussed prior to entry of his plea:

> The Court: [At this time], I'll have the government summarize the charge and I'm going to have them do one other thing, okay? *I'm going to have him read to you what is called the essential elements of this offense. Those are the elements that the Government would have to prove at trial if you were actually going to be convicted of this charge*. So just listen very carefully.
>
> Defendant Strother: Yes.
>
> Mr. Gonzalez: Your Honor, Count One of the Indictment charges a violation of Title 18, United States Code, Section 922(g)(1), Felon in Possession of a Firearm. *The essential elements that must be proven are as follows*:

> No. 1. That the *defendant knowingly possessed the firearm as charged*.
>
> ***
>
> The Court: All right. Did you [Defendant] also *understand each of those three essential elements that were just read to you?*
>
> Defendant Strother: *Yes*.
>
> The Court: Do you understand that *when you enter a plea to Count One of the Indictment, what you'll be doing is admitting to these three essential elements?*
>
> Defendant Strother: *Yes*.
>
> The Court: Do you, in fact, *admit to those essential elements?*
>
> Defendant Strother: *Yes*.

(#95 at 16-17) (emphasis added). In addition to an explicit reading of the essential elements of the offense, the Government also read into the record during the plea hearing the Factual Basis—signed by Defendant and to which Defendant testified no changes or corrections were needed (#95 at 34). Paragraph Five of the Factual Basis reads:

> I, Maceo Strother, *knew that I possessed the firearm* described above after I had been previously convicted of a felony. *I knew that my possession of the firearm was prohibited by law* because I was a convicted felon.

(#76 at 2) (emphasis added). The Court then explicitly inquired, "Okay. And so did you *know that you were in possession of that firearm* that was in the trunk of that Mercedes Benz?" (#95 at 34) (emphasis added). Defendant unequivocally responded, "Yes" (#95 at 34). In the initial Presentence Investigation Report ("PSR") filed after Defendant's plea hearing, Defendant again "admitted that the information contained in the Factual Basis was true and correct" (#83 at 4). Moreover, as argued by the Government, Defendant had over a year—ample time—prior to his plea hearing and PSR to research his charge and the essential elements thereto. Furthermore, the

4

Indictment, itself, expressly references the "knowingly possess" language of the first essential element of Count One (#1 at 1). "[T]he mere assertion of innocence, absent a substantial supporting record will not be sufficient to overturn a denial of a motion to withdraw." *United States v. Clark*, 931 F.2d 292, 295 (5th Cir. 1991) (citing *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984)).

> Consider *United States v. Wiggins*:
>
> For the first [*Carr*] factor, Wiggins argues that he strongly asserted his innocence. However, as the district court reasoned, Wiggins' bare assertion of his innocence was contradicted by his sworn admission during rearraignment that the factual basis of his conviction was true. Therefore, the district court did not abuse its discretion in finding that this factor lends no support to the motion. *See, e.g.*, *McKnight*, 570 F.3d at 649 ("Because 'solemn declarations in open court carry a strong presumption of verity,' the district court did not abuse its discretion in placing little weight on [the defendant's] assertion of innocence.") (quoting *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001)).

67 F. App'x 396, 401-02 (5th Cir. 2017). In the instant case, there is no substantial supporting record demonstrating that Defendant was unaware of the "knowingly possess" element during his plea hearing or that he only learned of such element after he conducted "further research *after* the plea hearing" (#124 at 2). Instead, the record clearly reflects that during the plea colloquy, Defendant explicitly indicated that he was aware knowledge was an essential element of the charge and that he knowingly possessed the firearm (#95 at 16-17, 33-34). Defendant's objection is overruled.

### *Reliance on the Testimony of Agent McCarty*

Defendant next objects that the Court should not have relied on the "interpretation" of the phone recordings during Agent McCarty's testimony in concluding that Defendant's assertions of innocence were not supported by the record (#124 at 3). At the hearing, Agent McCarty stated

5

that it was "in [her] opinion based on what [she] listened to, that [Defendant] was indicating he wanted [Ms. Mercadel] to take possession—take responsibility for the gun or have someone else step up and take responsibility for the gun" (#104 at 59). Such testimony was not the sole basis for the Report's conclusion. Furthermore, the Court "is entitled to judge the credibility of witnesses appearing before it." *U.S. v. Hopson*, 998 F.2d 1013, 1013 (5th Cir. 1993). Agent McCarty's testimony was properly considered by the Magistrate Judge. Defendant's objection is overruled.

*Timeliness of Defendant's Motion*

Defendant next objects to the Report's conclusion that his Motion to Withdraw Plea of Guilty was untimely (#124 at 3). Specifically, Defendant asserts that after Defendant received the PSR, "he researched the applicable law in the limited time allowed while incarcerated, and he filed his motion to withdraw his plea" (#124 at 3). Defendant was indicted for felon in possession of a firearm on May 10, 2017 (#1). Defendant did not plead guilty until August 2, 2018, more than a year later (#95). Defendant had ample time to research this charge prior to his plea hearing. More importantly, as cited by the Magistrate Judge, this Circuit's jurisprudence demonstrates that filing a motion to withdraw a plea of guilty three months after entry of a plea constitutes a significant delay that weighs heavily against the granting of such motion. *See*, *e.g.*, *United States v. Grant*, 117 F.3d 788, 790 (5th Cir. 1997); *United States v. Gonzalez*, 199 F.3d 439, 439 (5th Cir. 1999); *United States v. Adams*, 275 F. App'x 298, 299-300 (5th Cir. 2008).

Further, filing such motion only after an opportunity to view the PSR signifies "[a] change of heart or mind after reflection," which is not a sufficient basis for withdrawal. *United States v. Sutton*, No. CRIM. A. 92-126, 1993 WL 21426, at *3 (E.D. La. Jan. 26, 1993); *see United*

6

*States v. McElhaney*, No. CRIMA 303 CR 370 L1, 2005 WL 3148234, at *5 (N.D. Tex. Nov. 17, 2005) (denying motion to withdraw guilty plea that was filed after the filing of the PSR); *United States v. Pineda-Valdez*, No. 4:17cr38, 2018 WL 1335265, at *2 (E.D. Tex. Mar. 13, 2018) (concluding that waiting to file a motion to withdraw guilty plea "demonstrate[d] a tactical decision and Defendant's belief that he made a bad decision in pleading guilty"). Defendant's Motion to Withdraw Plea of Guilty, filed three months after entering his guilty plea and only after an opportunity to view the PSR, was belated. Defendant's objection is overruled.

*Close Assistance of Counsel and Knowing and Voluntary Plea*

Defendant also broadly objects that Defendant's guilty plea was not made knowingly or voluntarily (#124 at 4), again contending he was not aware of the "knowledge requirement" and further that "he entered the plea to protect his attorney from repercussions" (#124 at 4). "For a plea to be knowing and voluntary, 'the defendant must be advised of and understand the consequences of the [guilty] plea.'" *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992) (quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)). Upon independent review of Defendant's statements at his plea colloquy, the Court finds that Defendant was advised and understood the essential elements of Count One of the Indictment, the range of penalties, and the consequences of pleading guilty (#95 at 16-22, 28); Defendant acknowledged that he had read and understood the plea agreement (#95 at 20-21); and Defendant agreed that he was pleading guilty knowingly, freely, voluntarily and with the advice of counsel (#95 at 30-31). Defendant's assertion that his Factual Basis "never stated anything about [him] knowing anything" is simply untrue (#124 at 4).

7

Moreover, although Defendant asserts that he pleaded guilty to protect Morgan, his former counsel, Morgan explicitly denies such allegation:

> I understand that Mr. Strother claims he pleaded guilty to protect me. This claim is not true. I am not related to Mr. Strother. I met him approximately 18 months ago through a friend of mine at a social event. Mr. Strother advised me at that time that he was serving a term of supervised release for a federal conviction. Approximately 2 to 3 months after we met, he hired me to represent him on several felony charges that had been filed in state court in Dallas. I eventually filed motions to withdraw from these cases after Mr. Strother stopped appearing in court and stopped communicating with me.

(# 114 at 1-2). Further, "[t]he [D]efendant's declaration in open court that his plea is not the product of threats or coercion carries a strong presumption of veracity." *United States v. Clark*, 931 F.2d 292, 295 (5th Cir. 1991) (internal citations omitted). At his plea hearing, Defendant testified as follows:

> The Court: Are you trying to enter this plea because you think it's going to help somebody else?
>
> Defendant Strother: No, Your Honor.
>
> The Court: Are you entering a plea here today of your own free will?
>
> Defendant Strother: Yes, Your Honor.
>
> The Court: Because you're actually guilty of this charge?
>
> Defendant Strother: Yes, Your Honor.

(#95 at 30-31). Defendant's objection is overruled.

***Prejudice to the Government, Inconvenience to the Court, and Waste of Judicial Resources***

Defendant further argues that allowing him to withdraw his guilty plea will not prejudice the Government because preparing for trial "is what they do on these cases" and Agent McCarty "is clearly ready to testify, the discovery is complete, [and] the case had not even been set for

8

trial" (#124 at 4). The Government responds that "[a]ll efforts and manpower required for trial would have to be re-focused, and re-scheduled, with other cases in the system on hold, while all agents, investigators, and prosecution staff re-grouped in order to turn the clock back and prepare for trial" (#125 at 4). The Government further indicates that the prosecution, agents, and investigators have moved on to other matters in reliance on Defendant's guilty plea (#125 at 3). Contrary to Defendant's assertions, such a shift in resources would not only prejudice the government, but also disrupt this Court's existing docket. *See United States v. Martinez*, 2014 WL 1267125, at * 5 (E.D. Tex. Mar. 27, 2014) (holding that there would be prejudice to the Government if the plea were withdrawn as the Government had already shifted resources onto other matters). Defendant's objection is overruled.

*Compliance with Rule 11*

In his final objection, Defendant, for the first time, objects to the Magistrate Judge's Report because "the change of plea did not meet the requirements of Rule 11 of the Federal Rules" (#124 at 5). Defendant did not raise this issue at the hearing before the Magistrate Judge or in any of his prior filings with the Court. "[I]ssues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)); *see F.T.C. v. Namer*, No. 06-30528, 2007 WL 2974059, at *7 (5th Cir. Oct. 12, 2007) ("This Circuit has held that a party who objects to a magistrate judge's report waives any legal arguments that were not made first before the magistrate judge.") (citing *Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994)).

Notwithstanding, the Court finds that the Magistrate Judge complied with Rule 11 in taking Defendant's guilty plea. In arguing that the Magistrate Judge did not comply with Rule 11, Defendant specifically avers that "the court's 11(f) inquiry failed to determine whether or not the appellant understood the nature of the mental element required by his indictment, that he knowingly possessed the firearm, so as to conclude that the requisite factual basis existed for the acceptance of the plea" (#124 at 5). Contrary to Defendant's assertion, and to reiterate once again, the transcript of Defendant's plea hearing specifically, explicitly, and unequivocally shows that the Magistrate Judge had the Government summarize the essential elements, read the factual basis into the record, and then specifically confirmed with Defendant that he understood the essential elements of the charge, the factual basis, and that he knew that he was in possession of the firearm (#95 at 16-17, 33-34). In addition, the Court expressly inquired at the plea hearing whether both the Government and defense counsel were satisfied that the Court had complied with Rule 11, and more specifically, that "the Government and defense counsel . . . having had the Factual Basis read into the record as supplemented with Mr. Strother's statements . . . in open court, [were] satisfied that there [was] a Factual Basis for this plea" (#95 at 34-35). Both the Government and defense counsel answered affirmatively (#95 at 35). Defendant's final objection is overruled.

## CONCLUSION

After conducting a *de novo* review, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Accordingly, Defendant's objections are overruled, and the Court hereby adopts the findings and conclusions of the Magistrate Judge in the Report and Recommendation filed on March 21, 2019 (#122) as the findings and conclusions of this Court.

It is therefore **ORDERED** that Defendant's Motion to Withdraw Plea of Guilty (#91) is **DENIED**.

**IT IS SO ORDERED.**

SIGNED at Plano, Texas, this 8th day of April, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE